JIMMY L. AND REDELL DU BOSE, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Du Bose v. Commissioner
Docket No. 17226-85.
United States Tax Court
T.C. Memo 1986-288; 1986 Tax Ct. Memo LEXIS 322; 51 T.C.M. (CCH) 1418; T.C.M. (RIA) 86288; July 14, 1986. J. Steven Erie, for the respondent. KORNER
MEMORANDUM OPINION KORNER, Judge: By notice of deficiency dated March 15, 1985, respondent determined a deficiency in income tax and additions *323 to tax against petitioners as follows: Additions to Tax
§ 6653(a)(1) [1]
§ 6653(a)(2)
§ 6661 Substantial
Year
Deficiency
Negligence
Negligence
Understatement
To be
1982
$15,013.08
$750.65
determined
$1,501.30
In his said statutory notice of deficiency, the above deficiency was computed based upon respondent's determinations (a) that claimed business expenses in the form of wages, in the amount of $59,087.47, were not allowable; (b) that petitioners had unreported interest income in the amount of $175; and (c) that petitioners had unreported taxable unemployment compensation in the year in the amount of $620. At the time their petition herein was filed, petitioners were residents of Atlanta, Georgia. In said petition, after raising a number of frivolous and tendentious tax protestor issues which require no further scholarly discussion or comment, [2] (see ; *324 , the main thrust of petitioners' petition was that their wages were not taxable income. Petitioners also sought to recover their costs of bringing the instant action. n3 Respondent's answer denied all the allegations of the petition. Respondent thereafter filed a motion for summary judgment herein, joined with a request for the award of damages in favor of the United States under section 6673. Said motion was calendered for hearing at a trial session of the Court on May 12, 1986, at Atlanta, Georgia. When the motion was called for hearing, there was no appearance by petitioners nor by anyone on their behalf. Petitiones had, however, previously filed with the Court a written *325 response to respondent's motion for summary judgment, in affidavit form, and such written statement in lieu of personal appearance was accepted pursuant to Rule 50(c). With respect to motions for summary judgment, Rule 121 provides in pertinent part: RULE 121. SUMMARY JUDGMENT (a) General: Either party may move, with or without supporting affidavits, for a summary adjudication in his favor upon all or any part of the legal issues in controversy. Such motion may be made at any time commencing 30 days after the pleadings are closed but within such time as not to delay the trial. (b) Motion and Proceedings Thereon: The motion shall be filed and served in accordance with the requirements otherwise applicable. See Rules 50 and 54. An opposing written response, with or without supporting affidavits, shall be filed within such period as the Court may direct. A decision shall thereafter be rendered if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law. A partial summary adjudication *326 may be made which does not dispose of all the issues in the case. * * * (d) Form of Affidavits; Further Testimony; Defense Required: Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or filed therewith. The Court may permit affidavits to be supplemented or opposed by answers to interrogatories, depositions, further affidavits, or other acceptable materials, to the extent that other applicable conditions in these Rules are satisfied for utilizing such procedures. When a motion for summary judgment is made and supported as provided in this Rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this Rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, a decision, if appropriate, may be entered against him. An examination of the pleadings, *327 respondent's motion for summary judgment, the materials attached thereto covered by respondent's affidavit, and petitioners' response to respondent's motion establishes the following material facts: For the year 1982, petitioners, husband and wife, filed a joint income tax return, in which they reported gross income from wages in the amount of $59,087.47. Such wages were composed of $7,930 from Citizens and Southern Georgia Corporation, and $26,144.60 from the City of Atlanta paid to petitioner Jimmy L. Du Bose, and $729.88 and $24,282.99 paid to petitioner Redell Du Bose by the General Motors Corporation. By a Schedule C attached to said return, petitioners then purported to show a loss of $59,087.47 from a business enterprise described as "Du Boses Labor SVGS," composed of the two petitioners, who were engaged in "compensation for labor." No income was shown from this activity, but only a cost of wages in the above amount. The effect was to report these wages as gross income, and then to take a "deduction" in an identical amount, with the result that petitioners reported zero net taxable income. No other income was disclosed on the return, and no other deductions were claimed. *328 Upon audit, respondent disallowed the claimed deduction for "wages," allowed petitioners' six personal exemptions as claimed, and computed the resulting deficiency accordingly. Respondent further determined additions to tax under section 6653(a)(1) and 6653(a)(2), together with an addition to tax for substantial tax understatement under section 6661. As the party moving for summary judgment, respondent has the burden of proving that there is no genuine dispute as to any material fact and that a decision may be rendered as a matter of law. ; . The factual materials presented and the inferences therefrom must be viewed in the light most favorable to the party opposing the motion. ; The Court concludes that there are no material facts in dispute and that respondent is entitled to prevail as a matter of law. The only issue presented is whether petitioners' wage income is subject to tax. This issue has been decided adversely to petitioners so many times *329 that it can no longer be considered a serious issue. ; ; ; Petitioners' clumsy attempt to" zero out" their income in the fashion we have described is nothing more than an inartful way of reasserting the long-discredited protestor position that they had a cost basis in their wages equal to the amount thereof. Wages are clearly to be included in gross income for income tax purposes, not only under the provisions of the cases we have cited above, but under the clear provisions of section 61(a). We find petitioners' actions clearly negligent within the meaning of section 6653(a)(1), and that the entire deficiency involved herein is due to negligence within the meaning of section 6653(a)(2). Since the income tax liability as herein determined is $15,013.08, and since petitioners reported zero income and tax on their 1982 return, we further find that the addition to tax under section 6661 is correctly determined. Finally, we consider the propriety *330 of awarding damages in this case in favor of the United States. Under section 6673, we may award such damages in favor of the United States whenever proceedings before us have been instituted or maintained by a taxpayer primarily for delay, or where the taxpayer's position in such proceedings is frivolous or groundless. The record herein shows that petitioners' position is entirely frivolous and groundless. The record further shows that petitioners were warned repeatedly that their position was baseless, but they chose to ignore such warnings, preferring instead to carry on a lengthy campaign of skirmishing against respondent, both by correspondence and by personal confrontation. As this Court stated in , affd. : It may be appropriate to note further that this Court has been flooded with a large number of so-called tax protestor cases in which thoroughly meritless issues have been raised in, at best, misguided reliance upon lofty principles. Such cases tend to disrupt the orderly conduct of serious litigation in this Court, and the issues raised therein are of the type *331 that have been consistently decided against such protestors and their contentions often characterized as frivolous. The time has arrived when the Court should deal summarily and decisively with such cases without engaging in scholarly discussion of the issues or attempting to soothe the feelings of the petitioners by referring to the supposed "sincerity" of their wildly espoused positions. Damages in favor of the United States under section 6673 in the amount of $5,000 are accordingly awarded. Petitioners have further asked for the award of costs to them in this litigation. However, petitioners are not entitled to any costs as they are not the prevailing party in this proceeding. Sec. 7430(a). In addition, a request for litigation costs is not to be made in the pleadings. Rule 34(b). An appropriate order and decision will be entered.
Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, as in effect in the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
2. Included among such frivolous issues raised by petitioners were: whether petitioners were "persons" and "taxpayers" and were required to file income tax returns, and whether petitioners were entitled to a trial by jury in this Court. n3 Petitioners raised no issue regarding respondent's determination of additional income from interest or from unemployment compensation, and such issues are therefore deemed to be conceded. Rule 34(b).↩